UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-22501-RAR

**FREDDY GABRIEL FRIQUE IBARRA**,

Petitioner,

v.

**DIRECTOR,** *U.S. Department of Homeland Security*
*Immigration and Customs Enforcement and Removal*
*Operations Miami Field Office*, et al.,

Respondents.

_____/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Freddy Gabriel Frique Ibarra's

Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF

No. 1], filed on April 10, 2026.  Petitioner alleges that he has been unlawfully committed to

detention in the Krome North Service Processing Center in Miami, Florida and seeks that the

Court order his immediate release, or, in the alternative, that the Court order a custody

redetermination hearing before a neutral decisionmaker.  *See generally* Pet.  The Court having

reviewed the Petition,[1] the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **GRANTED** for the

reasons set forth herein.

**BACKGROUND**

Petitioner is a native of Venezuela who entered the United States in February 2016.  Pet. ¶

20; Resp. at 2.  After applying for admission to the United States, he expressed fear of returning

_____

[1]  On April 23, 2026, Respondents filed a Response to Petitioner's Habeas Petition ("Response"), [ECF No. 8].  On April 30, 2026, Petitioner filed a Reply.  *See* [ECF Nos. 9, 10].  Accordingly, the Petition is fully briefed and ripe for review.

to Venezuela, was found to be inadmissible, and processed for expedited removal pursuant to INA § 235(b)(1). *Id.* On February 22, 2016, he was issued a Notice and Order of Expedited Removal and Notice to Alien Ordered Removed/Departure Verification and was taken into the custody of Immigration and Customs Enforcement ("ICE"). Resp. at 2. United States Citizenship and Immigration Services ("USCIS") then determined that Petitioner had a credible fear of persecution or torture, and issued a Notice to Appear ("NTA"), charging him with inadmissibility pursuant to INA § 212(a)(7)(A)(i)(I). Pet. ¶ 20; Resp. at 2. Thereafter, on March 10, 2026, Petitioner was paroled out of ICE custody after payment of a $7,500.00 bond.[2] Pet. ¶ 20; Resp. at 3.

On May 14, 2019, Petitioner was arrested and charged with possession of cannabis and drug paraphernalia in Miami-Dade County.[3] Pet. ¶ 21; Resp. at 3. ICE Enforcement and Removal Operations ("ICE ERO") then lodged an immigration detainer against Petitioner, and he was taken into ICE custody. *Id.* On July 29, 2019, Petitioner was released from ICE custody after posting a bond of $20,000.00. Pet. ¶ 22; Resp. at 3.

In December 2022, given Petitioner's pending application for Temporary Protected Status ("TPS"), he filed a motion for administrative closure with the Immigration Court. Pet. ¶ 22; Resp. at 3. Pet. ¶ 24; Resp. at 3. This was granted on December 27, 2022, and his case was administratively closed. *Id.* Thereafter, on January 20, 2023, Petitioner filed a motion to terminate removal proceedings, which was granted on January 27, 2023. Pet. ¶ 24; Resp. at 4. On June 6, 2023, Petitioner filed a Form I-485, Application to Register Permanent Residence or Adjust Status,

---

[2] Petitioner maintains that he paid a $7,500 but Respondents state that the bond was $15,000.00. Pet. ¶ 20; Resp. at 3.

[3] On July 2, 2019, the State entered a nolle prose and the criminal case against Petitioner was closed. Pet. ¶ 21; Resp. at 3.

with USCIS, which was denied.  Resp. at 4.  And on February 2, 2024, Petitioner filed for asylum, and his application remains pending.  Pet. ¶ 27.

On April 1, 2026, Petitioner was encountered by Homeland Security Investigation Miami Special Agents in the parking garage of his home.  Pet. ¶ 28; Resp. at 4.  The next day, he was transferred into ICE custody.  Resp. at 4.  On April 16, 2026, the U.S. Department of Homeland Security (DHS) issued Petitioner a new Notice to Appear charging him as inadmissible pursuant to INA § 212(a)(7)(A)(i)(I).  *Id*.  Petitioner is currently detained at the Krome North Processing Center.  *Id*. at 5.

On April 10, 2026, Petitioner filed this action requesting that the Court (1) assume jurisdiction over this matter and issue an order forbidding Respondents from moving Petitioner from this District; (2) issue a Writ of Habeas Corpus declaring the statutory basis for Petitioner's continued detention is 8 USC § 1226(a) and that Respondents detention violates the Due Process Clause of the Fifth Amendment; and (3) ordering the Petitioner's immediate release or, in the alternative, ordering a "constitutionally adequate bond hearing within 5 days of its order before a neutral decisionmaker, where the Respondents will bear the burden of establishing the Petitioner is a flight risk and/or danger to the community by clear and convincing evidence."  *See* Pet., Request for Relief.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration."  *Prieser v. Rodriguez*,

411 U.S. 475, 484, 489 (1973).  Section 2241 authorizes federal courts to hear challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C. § 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Petitioner maintains that his detention pursuant to 8 U.S.C. § 1225(b)(2) "unlawfully mandates his continued detention and violates the INA."  Pet. ¶ 46.  He also brings a Due Process claim, alleging that his detention "is a violation of his due process rights."  Pet. ¶ 51.  Accordingly, there are two questions before the Court: (1) whether Petitioner is properly detained pursuant to § 1225(b)(2); and (2) whether Petitioner's mandatory detention is consistent with the Due Process Clause.  Because the Court finds that Petitioner is improperly detained pursuant to § 1225(b)(2) and grants habeas relief on this basis, the Court need not reach the Due Process claim.[4]

### I.   Petitioner is improperly detained pursuant to § 1225(b)(2) and is therefore entitled to a bond hearing.

Respondents maintain that Petitioner's detention is lawful pursuant to § 1225(b)(2).  Specifically, Respondents contend that the plain language of § 1225(b)(2) mandates detention of

---

[4] "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999)).  While there are certain jurisdiction stripping provisions that may preclude judicial review such as § 1252(g) and § 1252(b)(9), the Court's independent review of the record reveals that none are applicable here.  *See, e.g., Gomez-Pena v. Sec'y, Dep't of Homeland Sec*., No. 3:25-cv-1287, 2026 WL 83980, at *2–3 (M.D. Fla. Jan. 12, 2026) (finding that petitioner's claims are not barred by 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(b)(9) because petitioner is not attacking "ICE's decision to commence removal proceedings, adjudicate his case, or execute an order of removal" nor is he "seeking to challenge the decision to seek removal or the process by which removability will be determined"); *Boffill v. Field Off. Dir*., No. 25-25179, 2025 WL 3246868, at *2–4 (S.D. Fla. Nov. 20, 2025) (same).  Accordingly, "[t]he question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction."  *Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-20217, 2026 WL 496726, at *3 (S.D. Fla. Feb. 23, 2026).

applicants for admission; that the Government's reading comports with Congressional intent and accords with the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018); and that § 1226 does not support Petitioner's argument. *See* Resp. at 5–8. Petitioner, however, maintains that "8 USC § 1225(b)(2) does not apply to all noncitizens residing in the United States who are present without inspection or admission and placed in removal proceedings by Respondents [and that] [s]uch noncitizens are detained under 8 USC § 1226(a)." Pet. ¶ 45.

In *Rocha Vargas v. Miami Federal Detention Center*, this Court held that a similarly situated petitioner was detained pursuant to § 1225. *See Rocha Vargas v. Miami Fed. Det. Ctr.*, No. 25-CV-25966-RAR, 2026 WL 911291, at *1 (S.D. Fla. Apr. 2, 2026). However, this Court decided *Rocha* when only the Fifth and Eighth Circuits had considered the very question presented by the Petition and concluded that aliens like Petitioner are detained pursuant to § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (finding that 8 U.S.C. § 1226(a) does not apply to petitioners, given that "[t]he text and context of § 1225 contradict the petitioners' reading of the statute."); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026) ("[T]he district court erred in holding that the Government could not detain [petitioner] without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis."). In *Rocha*, the Court noted that the issue is a "close call" and "[o]nce the Eleventh Circuit speaks on this issue, the Court will be bound by its holding." *Rocha Vargas*, 2026 WL 911291, at *9.

On May 6, 2026, the Eleventh Circuit released its opinion in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, rejecting the "Government's re-interpretation of § 1225(b)(2)(A)" and affirming the district court's holding that "the discretionary detention provisions found in § 1226

governed [petitioners'] detention instead, rendering each of them eligible for bond."[5]  No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).  The Eleventh Circuit held that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  *Id*.  And it rejected the Government's contention that "Petitioners' mere presence in the interior transforms them into applicants who are 'seeking admission;' since applicants for admission may withdraw their application by simply leaving the country."  *Id*. at *8.  The Court also relied on the Supreme Court's opinion in *Jennings v. Rodriguez*, which "observed that § 1226 'generally governs the process of arresting and detaining' aliens 'present in the country,' including aliens 'who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission."  *Id*. at *16 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–299 (2018)).  Lastly, the Court "review[ed] [] the relevant history of the INA" and determined that "the record evidence available leads us as well to reject the Government's ahistorical reading."  *Id*. at *20.

Because "[a] circuit court's decision binds the district courts sitting within its jurisdiction[,]" this Court adopts and is bound by the reasoning articulated in *Hernandez Alvarez*. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004).  Accordingly, the Court finds that § 1226(a) governs Petitioner's detention and that Petitioner is entitled to an individualized bond hearing.

---

[5]  The Second Circuit also recently considered this question and likewise determined that aliens like Petitioner are detained pursuant to § 1226.  *See Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).  A divided Seventh Circuit panel has also opined on this question. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026). Accordingly, this question continues to "appear[] destined for resolution by the Supreme Court." *Rocha Vargas*, 2026 WL 911291, at *9.

**II. The Court need not reach Petitioner's due process claim.**

Petitioner also argues that his detention violates the Due Process Clause of the Fifth Amendment. *See* Pet. ¶¶ 47–51. But the Court need not reach the merits of this claim. *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025). "Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [this] claim." *Id.* (explaining that petitioner's due process claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)[.]").

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Freddy Gabriel Frique Ibarra's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of May, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**